UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOSE EDGAR GONZALEZ-CASTANEDA** : | | **DOCKET NO. 2:23-cv-01158** |
| REG. # 62040-018 | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **WARDEN MARTINEZ** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by pro se petitioner Jose Edgar Gonzalez-Casteneda on August 24, 2023. Doc. 1. Gonzalez-Casteneda is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Center at Oakdale, Louisiana ("FCIO").

This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this Court. For the reasons stated below, **IT IS RECOMMENDED** that the matter be **DENIED** and **DISMISSED WITH PREJUDICE.**

**I.**
**BACKGROUND**

Jose Edgar Gonzalez-Casteneda (Petitioner) filed a petition for writ of habeas corpus asking this Court to direct the BOP to apply his time credits, which would result in his immediate release. Doc. 1. He asserts that he is eligible to receive time credits as he does not have a final order of deportation. However, according to the Sentence Monitoring Computation Data attached

to his petition as an exhibit, a final order of deportation was lodged on August 1, 2023.  Doc. 1, att. 2, p. 10.

## II.
## LAW & ANALYSIS

### A.  *Screening of Habeas Corpus Petitions*

A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts. Rule 4 of the Rules Governing § 2254 Cases authorizes preliminary review of such petitions, and states that they must be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* at Rule 4. To avoid summary dismissal under Rule 4, the petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Accordingly, we review the pleadings and exhibits before us to determine whether any right to relief is indicated, or whether the petition must be dismissed.

### B.  *Law and Application*

According to the Sentence Monitoring Computation Data attached to the instant petition, a final order of deportation was lodged on August 1, 2023.  Doc. 1, att. 2, p. 10.  The Bureau of Prisons therefore has no discretion in this matter:

> A prisoner is ineligible to apply time credits under subparagraph (C) if the prisoner is the subject of a final order of removal under any provision of the immigration laws (as such term is defined in section 101(a)(17) of the Immigration and Nationality Act (8 U.S.C. 1101(a)(17))).

18 U.S.C. § 3632(d)(4)(E).

Because Petitioner is subject to a final order of removal, he is ineligible to have the FSA Time Credits he has earned applied to his sentence. Petitioner is entitled to no relief.

### III.
### CONCLUSION

For the reasons stated above, Gonzalez-Casteneda's petition fails to state a claim for relief under 28 U.S.C. § 2241. Accordingly, **IT IS RECOMMENDED** that the petition be **DENIED** and **DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 25th day of October, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE